IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

Civil Action No. ________________________________

**KITTY SIPES**,

Plaintiff,

v.

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, A Foreign Nonprofit Corporation of New York, registered to do business in the State of Colorado.**

Defendant.

---

**COMPLAINT**

---

COMES NOW the Plaintiff, KITTY SIPES, by and through her attorneys, Ralph G. Torres, of the LAW OFFICE OF RALPH G. TORRES, hereby files her complaint against the Defendant upon the allegations set forth below:

## I. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4). This is an action authorized and instituted pursuant to of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-*et.seq.* (hereinafter referred to as "Title VII"), the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623(A) et.seq; the Americans with Disabilities Act of 1990 42 U.S.C. § 12111 ("ADA"); the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 ("ADAAA").

2. The unlawful employment practices alleged herein were committed within the Judicial District of Colorado.

3. This Court has jurisdiction over the parties and claims set forth herein.

## II. PARTIES

4. Plaintiff, KITTY SIPES, ("SIPES") was employed with the Defendant from approximately January, 1998 through October 10, 2014 - the date of her forced employment separation. SIPES is a 65 year old female (DOB 4/12/1950) with a recognized disability - Irritable Bowel Syndrome.

5. Defendant, is a corporation organized in the state of New York with authority to conduct business in the state of Colorado. At all times material hereto Defendant employed more than 15 employees.

6. Raymond Ruiz, nondisabled male, approximately 38 years old; Ernest Alexander, nondisabled male, approximately 40 years old , Joanne M. Gonzales, a younger, nondisabled female and other H.R. Representatives of Defendant were employees of Defendant and during the time periods relevant to SIPES's claims had the authority to impose conditions of employment.

## III. ADMINISTRATIVE PROCEDURES

7. On or about May 1, 2014 SIPES filed with the Colorado Civil Rights Division ("CCRD") and Equal Employment Opportunity Commission ("EEOC") her complaint alleging discrimination on the basis of sex, age, retaliation and disability, which she amended on October 28, 2014.

8. SIPES timely filed her formal CCRD and EEOC charges on these allegations which was accepted and designated as Charge No. E20140549 and 32A-2014-00349,

respectively.

9. CCRD issued its Notice of Right to Sue, which SIPES received on or about August 18, 2015.

10. EEOC issued its Notice of Right to Sue, which SIPES received on or about September 14, 2015.

11. All conditions precedent to the commencement of this lawsuit have been complied with by SIPES .

## IV. GENERAL FACTUAL ALLEGATIONS

12. From the date of SIPES' employment began with Defendant (January, 1998) through early 2013, SIPES was successfully performing her job duties and responsibilities, working in various job positions and capacities. She had not received any job performance warnings or disciplines prior to 2013.

13. In 2011 SIPES' Year-End Performance Appraisal indicated her job position to be Specialist, Recordkeeping Services. She was never given a copy of this job description position or the related duties and responsibilities by which her performance would be measured.

14. SIPES' supervisor during 2011 was Nathan Lane, nondisabled, male, approximately 35 years old. Mr. Lane provided written accolades and praise for SIPES performance on the 2011 Year-End Performance Appraisal and indicated she was "on target" to meet the expectations for each category of the performance scorecard. There was no job performance deficiencies noted.

15. In 2012 SIPES was assigned a different supervisor, Raymond Ruiz.

16. Mr. Ruiz changed SIPES' job duties and responsibilities when he became her supervisor, even though her job position description on her Performance Reviews were still indicated as Specialist, Recordkeeping Services.

17. Mr. Ruiz did not give SIPES any updated written job position description, memorandums, duties, responsibilities, goals or performance criteria upon which her performance was to be measured. He just verbally told her she would now have to start working on the Power Image system, as well as continue to complete her work on the Legacy computer system.

18. Mr. Ruiz attempted to rate SIPES' job performance according to quality ratings. The problem with such approach was that much of SIPES' work was done on the Company's old Legacy computer system, which did not track the entries and work being done through the Power Image computer system, the rest of her department was utilizing. Power Image is the only computer system that is tracked for accuracy ratings. The tasks SIPES performed on the Legacy computer system are not accurately tracked and not sent to Quality Control for rating.

19. Many of SIPES' co-workers complained to their supervisors of Mr. Ruiz discriminatory management style and harassing actions. As a result of his discriminatory actions, many of SIPES' co-workers left their employment positions with Defendant. Defendant did not timely replace these positions.

20. Defendant's managers and stockholders receive larger bonuses and profit if they can reduce their payroll wage expenses.

21. Mr. Ruiz required SIPES to split her job duties between the Legacy system and the Power Image computer system because he had not hired replacements for the employees that

had left. SIPES had not received adequate training on the Power Image system enabling her to perform the payment postings that was required of her to meet the quality standards.

22. SIPES received numerous emails from different department employees requesting assistance with the Legacy computer tasks, as they did not know this system. Such requests required repeated and numerous interruptions by SIPES during the work day to perform - taking her measured quality entries away from the Power Image system.

23. The constant switching back and forth between computer systems to perform her job duties, covering many responsibilities for employees who had left and not been replaced, were all micromanaged, hawked and critiqued by Ray Ruiz. He literally sat behind her and watched her every move, timing her entires and what she did. Mr. Ruiz did not treat other similarly situated younger, nondisabled, male employees as he did SIPES.

24. SIPES contacted her prior supervisor, Nathan Lane, and Gerald Love in an attempt to have them explain to Mr. Ruiz how her work was being performed, many of which could not be "timed or logged" by the Power Image computer system, because she wasn't using that system when working on Legacy, and reiterate that she had not received adequate training on the Power Image system in order to utilize the system at the speed and efficiency required to positively affect her quality control ratings.

25. SIPES was only performing part-time processor duties on the tracked Power Image system, but being measured and tracked as a full-time employee; even though she worked a significant amount of time performing job duties and tasks on the Legacy computer system.

26. During the time that SIPES worked under supervisor Ruiz, the ratings and metrics used to established "quality" ratings were constantly changing. SIPES complained to her

supervisors about the changing quality metrics and criteria that were changing, against which she was allegedly being measured for her job performance and the lack of assistance and employees that were available in her department.

27. SIPES believed that Mr. Ruiz was unable to rate an employees' job performance without looking at a report of the employee's quality control accuracy ratings.

28. Raymond Ruiz made many derogatory and negative comments to SIPES such that she couldn't do anything right or correctly.

29. In early 2013, SIPES discussed with her supervisors, Raymond Ruiz, Ernest Alexander, various H.R. Representatives, including Joanne Gonzalez and other co-workers about her intentions to retire in April, 2015.

30. SIPES suffers from a recognized disability - Irritable Bowel Syndrome. As a result of the stress, anxiety, pressure and discrimination she was subjected to at work, she experienced exacerbations of her Irritable Bowel Syndrome - which required her to be hospitalized and under doctor's care from September 23, 2013 through October 3, 2013.

31. On the day she returned to work from hospitalization, October 3, 2013, her supervisor, Raymond Ruiz gave her a written warning for failing to meet the Quality Standards of her job position and duties.

32. SIPES complained to Mr. Alexander, Gerald Love and H.R. Representatives about Mr. Ruiz' attitude, that she could not continue to work in this environment, under Raymond Ruiz and repeatedly requested to be moved. Such requests were repeatedly denied.

33. SIPES began working on Saturdays in order to try to keep up with the requests she was getting for work to be completed on the Legacy system.

34. As a result of the anxiety, pressure and discrimination she was subjected to at work, she experienced exacerbations of her Irritable Bowel Syndrome - which again required her to be under doctor's care from November 4, 2013 - November 21, 2013.

35. SIPES emailed Defendant's Human Resource's Department on November 24 and 25, 2013 complaining about Mr. Ruiz's favoritism towards the male employees, and his discrimination against women, and older employees, requesting something be done to stop the discrimination.

36. On or about April 24, 2014, SIPES was issued a final warning for not meeting the minium expectations for quality and productivity by supervisor Ruiz.

37. SIPES met with her second line supervisor, Ernest Alexander for over an hour to complain about her treatment by Raymond Ruiz and request his assistance to resolve the situation and/or move her to another location away from Mr. Ruiz or to the Broomfield office. This request was denied.

38. On or about May 1, 2014; SIPES filed an charge of discrimination with CCRD against Defendant for its discriminatory treatment.

39. On or about September 4, 2014 at 8:00 a.m., SIPES was contacted by Defendant's H.R. Department advising her that she could retire instead of being terminated, receiving all health benefits if she released the pending CCRD complaint against them. SIPES did not accept Defendant's offer.

40. SIPES was terminated by Defendant on or about October 10, 2014.

41. SIPES requested from her supervisors and H.R. Representative, Joanne M. Gonzalez for work accommodations as a result of her exacerbations of her Irritable Bowel

Syndrome - conditions that were manifested as a result of the discriminatory, harassing and excessive scrutinization she was under at work.

42. Other older employees, disabled and women, similarly situated to SIPES, were also treated discriminatorily, and terminated as they approached their retirement date.

## V. FIRST CLAIM FOR RELIEF
**(Terms and Conditions of Employment - Termination due to age (over 40) - ADEA)**

43. SIPES hereby realleges and incorporates the preceding paragraphs as if stated fully, herein.

44. The conduct of Defendant's supervisors as alleged in the preceding paragraphs by terminating her was willful, denies SIPES equal terms and conditions of employment and violate her rights under the ADEA.

45. SIPES claims reasonable attorney's fees pursuant to the ADEA in an amount to be determined at trial and requests injunctive, declaratory relief and liquidated damages for Defendant’s willful violation of the ADEA.

## VI. SECOND CLAIM FOR RELIEF
**(Terms and Conditions of Employment - Retaliation due to age (over 40) - ADEA)**

46. SIPES hereby realleges and incorporates the preceding paragraphs as if stated fully, herein.

47. The conduct, acts or omissions of the Defendant and its managers/supervisors as above-alleged are directed at the SIPES due to her repeated complaining of being treated differently, being subject to discrimination and reasonably advocating her rights under the ADEA and terminating her are retaliatory and violate her rights as guaranteed by the ADEA.

48. Similarly situated employees who have not participated in similar activity

like SIPES have not been similarly treated.

49. The conduct of the Defendant and its agents as above-described, are intentional, show malice or reckless indifference to SIPES's federally protected rights and resulted in her being treated differently than other employees who did not advocate their rights and violate her rights as guaranteed by the ADEA.

50. As a result of the conduct of Defendant's supervisors/managers as above-alleged, SIPES has been damaged in an amount to be determined at trial, including back pay, loss of income, loss of leave, diminution in earning capacity, damage to her reputation, loss of opportunity for promotion, loss of benefits, loss of opportunity for professional growth and for liquidated damages.

51. SIPES claims reasonable attorney's fees pursuant to the ADEA in an amount to be determined at trial and requests injunctive and declaratory relief.

## VII. THIRD CLAIM FOR RELIEF
**(Terms and Conditions of Employment - Title VII - Gender/Female)**

52. SIPES hereby incorporates and realleges the preceding paragraphs as if stated fully, herein.

53. The conduct of Defendant's supervisors and co-workers were intentional as alleged in the preceding paragraphs above all violate SIPES's rights as guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et.seq.*

54. Similarly situated employees who are not female, like SIPES have not been similarly treated.

55. As a result of the conduct of the Defendant and its agents as above-described,

SIPES has been damaged in an amount to be determined at trial, including loss of wages, diminution in earning capacity, damage to his reputation, loss of opportunity for promotion, loss of benefits, loss of opportunity for professional growth and for pain, suffering and emotional distress.

56. SIPES claims reasonable attorney's fees pursuant to Title VII in an amount to be determined at trial and requests injunctive and declaratory relief, and compensatory damages for the discrimination complained of.

## VIII. FOURTH CLAIM FOR RELIEF
**(Terms and Conditions of Employment - Retaliation - Title VII)**

57. SIPES hereby realleges and incorporates the preceding paragraphs as if stated fully, herein.

58. The conduct, acts or omissions of the Defendant and its managers/supervisors as above-alleged are directed at the SIPES due to her repeated complaining of being treated differently, being subject to discrimination and reasonably advocating her rights under Title VII, and terminating her are retaliatory and violate her rights as guaranteed by Title VII of the Civil Rights Act of 1964, as amended.

59. Similarly situated employees who have not participated in similar activity like SIPES have not been similarly treated.

60. As a result of the conduct of the Defendant and its agents as above-described, are intentional, show malice or reckless indifference to SIPES 's federally protected rights and resulted in her being treated differently than other employees who did not advocate their rights and violate her rights as guaranteed by Title VII of the Civil Rights Act of 1964, as amended.

61. As a result of the conduct of Defendant's supervisors/managers as above-alleged, SIPES has been damaged in an amount to be determined at trial, including back pay, loss of income, diminution in earning capacity, damage to her reputation, loss of opportunity for promotion, loss of benefits, loss of opportunity for professional growth and for pain, suffering, emotional distress and compensatory damages.

62. Plaintiff claims reasonable attorney's fees pursuant to Title VII in an amount to be determined at trial. Further, Plaintiff requests injunctive and declaratory relief.

## **XV. FIFTH CLAIM FOR RELIEF**: (**Americas with Disability Act ("ADA" and Americas with Disability Act Amendments Act "ADAAA")**

63. SIPES hereby incorporates and realleges the preceding paragraphs as if incorporated herein.

64. SIPES is a qualified person with a disability - Irritable Bowel Syndrome.

65. Defendant intentionally discriminated against SIPES by failing to make a good faith effort to reasonably accommodate her disability by alleviating the stress, anxiety and physical illness she was suffering, exacerbating her Irritable Bowel Syndrome condition, while refusing to move her to another location in the Company and/or stop the discriminating, hostile and harassing conditions she was being forced to work in.

66. As a direct and proximate result of the foregoing actions and conduct of Defendant, SIPES has suffered, and will continue to suffer, damages including but not limited to loss of front and back wages, earnings, benefits, insurance premiums, health care costs, diminution of future earning capacity, including but not limited to future wage loss, loss of earning capacity, loss of reputation and damages to career; non-economic damages such as, but not limited to,

compensatory damages, punitive damages, mental anguish, inconvenience; pre and post judgment interest, costs and expenses, attorney fees and other damages to be determined at trial.

**X. SIXTH CLAIM FOR RELIEF:**
**(Violations of the ADA and ADAAA - Retaliation)**

67. SIPES hereby incorporates and realleges the preceding paragraphs as if incorporated herein.

68. SIPES is a qualified person with a disability - Irritable Bowel System.

69. Defendant intentionally discriminated against SIPES after she notified them of her disability and requested accommodation as referenced above.

70. As a direct and proximate result of the foregoing actions and conduct of Defendant, SIPES has suffered, and will continue to suffer, damages including but not limited to loss of front and back wages, earnings, benefits, insurance premiums, health care costs, diminution of future earning capacity, including but not limited to future wage loss, loss of earning capacity, loss of reputation and damages to career; non-economic damages such as, but not limited to, compensatory damages, punitive damages, mental anguish, inconvenience; pre and post judgment interest, costs and expenses, attorney fees and other damages to be determined at trial.

WHEREFORE, SIPES prays that this Court enter an Order as follows:

A. Grant a permanent injunction prohibiting Defendant from engaging in any employment practices which are discriminatory and curtail employees from being involved in EEO activities under Title VII, the ADEA, the ADA and the ADAAA.

B. Reinstate to SIPES all benefits, wages, front and back pay, which were lost as a result of the discriminatory and retaliatory acts directed at her.

C. Reimburse SIPES for all reasonable and necessary expenses incurred due to

the discriminatory actions of Defendant.

D. Award SIPES compensatory, punitive, liquidated and other damages against Defendant in an amount to be determined at trial for the personal humiliation, severe emotional pain, inconvenience, mental anguish and loss of enjoyment of life she has suffered due to the actions of Defendant;

E. Order Defendant to stop all retaliation against SIPES for having engaged in a protected EEO activities under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-*et.seq.* (hereinafter referred to as "Title VII"), the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623(A) et.seq; the Americans with Disabilities Act of 1990 42 U.S.C. § 12111 ("ADA"); the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 ("ADAAA").

F. Award SIPES her costs of this action and reasonable attorney's fees, expert fees, pre and post judgment interest;

G. Retain jurisdiction over this action to insure full compliance with the Orders of this Court; and

H. Grant SIPES such other and further relief as this Court deems just and proper.

**SIPES REQUESTS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**

DATED this 10th day of December, 2015.

LAW OFFICE OF RALPH G. TORRES
_/s Ralph G. Torres ________________
Ralph G. Torres, #4014
1801 Broadway, Suite 1100
Denver, Colorado 80202
Phone: (303) 297-8427; Fax: 303-292-2661

***Attorney for Plaintiff* SIPES**

Plaintiff's Address:

c/o LAW OFFICE OF RALPH G. TORRES